Hickman vs. Thompson.

No. 6209.

NEOMIE HICKMAN ET AL. VS. AMOS B. THOMPSON.

On the twenty-ninth of December, 1869, Mrs. Hickman appeared before a notary public for the parish of Rapides, and, under oath, declared that she was indebted to her children in a certain sum of money, on account of the succession of their father, she being their tutrix, and that they have a general and tacit mortgage on all her property, dating from the death of their father, in December, 1863, to secure said sum of money..

The question is, whether plaintiffs have any tacit mortgage upon the land in controversy, whose ownership is claimed by defendant, and which formerly belonged to their mother and tutrix, and, if they ever had a tacit mortgage, whether it perished for want of proper inscription prior to the first of January, 1870.

The declaration of the mother and tutrix is the only evidence of the existence of the mortgage. In a suit against their mother, judgment was rendered in accordance with their petition, with mortgage upon all the lands of their mother and tutrix in the parish of Rapides, to date from the thirty-first of December, 1875. The question is not whether plaintiffs' rights are to be governed by the judgment which they obtained against their tutrix, for the defendant was no party to that suit, but whether the evidence of the minors' mortgage was recorded in the manner and in the time and form required by law. Textually, it was not.

The requirements of the law have not been complied with, and the declaration of the tutrix of her indebtedness to her children, and the recording of the same, is not the evidence the law required in order to secure the mortgage which the minors had upon her property, and which the constitution declared should cease to exist at a certain date, unless made to appear in a manner which the Legislature was authorized to designate.

The fact that the evidence which alone prescribed the mortgage was destroyed does not better the plaintiffs' case. At most it is a *casus omissus* which the court can not supply, and if the missing evidence could be supplied, this should have been done by the officer whose duty it was to cause the evidence to be recorded.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. T. C. Manning*, for plaintiffs and appellees. *R. J. Bowman*, for defendant and appellant.

MORGAN, J. On the twenty-ninth of December, 1869, Mrs. Hickman appeared before a notary public for the parish of Rapides, and, under oath, declared that she was indebted to her children, seven in number, in the sum of five thousand dollars each, on account of the succession of their father, she being their tutrix, and that they have a general and tacit mortgage on all her property, dating from the death of their father, in December, 1863, to secure the above amount. The acknowledgment was recorded on the same day.

On the twentieth of April, 1875, five of the above-named parties, two of whom are majors and three minors, the minors acting through their under tutor, sued Mrs. Hickman, alleging that she owed them five thousand dollars each, she having received that sum for them, and of their funds, from the property of their father. Mrs. Hickman answered by referring to her sworn acknowledgment on record in the recorder's office, and submitted herself to the judgment of the court.

Judgment was rendered in accordance with the prayer of the petition

24

for $2550 69 each, with mortgage upon all the lands of the defendant in the parish of Rapides, to date from the thirty-first of December, 1875.

The three minor heirs, represented by their tutor, and the two major heirs, acting in their own behalf, bring this suit against the defendant, claiming that they have a mortgage upon a certain piece of property owned by him, and which formerly belonged to Mrs. Hickman, to secure to them the sum of $2550 69 each, as ascertained by the judgment above set forth. They pray that the defendant deliver the land in question for sale, subject to their mortgage, or that he pay them the amount of their judgment.

Defendant admits that he is the owner of the undivided half the land described in the petition, which, he says, was acquired by him at sheriff's sale, made under a mortgage owned by him against Mrs. Hickman. He denies that plaintiffs have any tacit mortgage upon this land, and says that if they ever had a tacit mortgage thereon it perished for want of proper inscription prior to the first of January, 1870. He says that the judgment relied upon by plaintiffs is an absolute nullity—

First—Because the district court is incompetent to render a judgment against a tutrix in favor of the minors on account of her tutorship.

Second—Because the minors can not sue the tutrix for a settlement of her tutorship, much less for a specific amount, during their minority and during her tutorship.

Third—Because the under tutor is without authority to recover any judgment against the tutor.

Fourth—Because minors can not sue the tutor for a specific amount, but only for a settlement of the tutorship, and for such an amount as may be due.

The suit of the major and minor heirs which recognizes their mortgage upon the defendant's property was instituted in the district court.

The first question to be determined is whether the tacit mortgage of the minors was made properly to appear prior to the first of January, 1870. The declaration of the mother, which has been heretofore quoted, is the only evidence of the existence of the mortgage. Defendant says that this is not the evidence required by the law. Section two of the act No. 95 of 1869, relied upon by the defendant, provides that it shall be the duty of every judge who appoints and confirms a natural or legal tutor, or any tutor not required by law, to give bond before he shall grant an order appointing or confirming such tutor, to cause a certificate from the clerk of the district court of the amount of the minor's property, according to the inventory on file in his office, to be recorded in the mortgage book in the parish in which the tutor resides or has his domicile.

This section, it seems to us, only provides for such appointments as may be made subsequent to the passage of the act.

The eleventh section, however, provides that it shall be the duty of the clerks of the district courts of the several parishes in this State to make out an abstract of the inventory of the property of all minors whose tutors have not been required by law to give bond for their tutorship, such abstract to describe the real property, and give the full amount of the appraisement of all the property, both real and personal, and rights, and credits, and to deposit such abstracts with the recorders of the several parishes, whose duty it shall be to record the same as soon as received in the mortgage-book of their parish, such abstracts to be made out and deposited with the recorders by the first day of December, 1869, and recorded by the first day of January, 1870.

In Ford vs. Ford, 7 An. 535, the court said: "We are not aware that we have ever sustained an inscription which was not in itself complete, and we fear that if we should depart from a reasonable exactness in such matters, and permit defective inscriptions to be eked out *aliunde,* the salutary law of registry would soon lapse into uncertainty and confusion."

In the case of Taylor vs. Ealer, 22 An. 278, the plaintiff proceeded against a third possessor to enforce a tacit mortgage against certain immovable property formerly belonging to her mother and tutrix. The claim was evidenced by a judgment obtained by the plaintiff in the Second District Court of New Orleans, on the twelfth of August, 1869. The judgment was recorded in the general mortgage-book for the parish of East Feliciana on the twenty-second of September following.

In that case this court said: "By the operation of the constitution and the act of 1869, the tacit mortgage may be preserved if recorded before the first day of January, 1870, in the manner directed by law. A failure to inscribe it is fatal. The inscription was within the power of the plaintiff, whose interest it was to make it, and she has no just ground of complaint if, through negligence or ignorance, she has failed to preserve a preference conferred on her by law in derogation of common right."

But in that case we said that it was not necessary to decide whether or not the recording of a judgment which recognizes a tacit mortgage, and fixes the amount and date thereof, would be a compliance with the requirements of the constitution and of the acts of 1869, because the judgment recorded in this case is not such a judgment; it does not mention the date of the mortgage.

In the case at bar the judgment does fix the date at which the tacit mortgage commenced to run, and the inscription required by the law was impossible, because the records of the court where the evidence was kept were destroyed by fire prior to the first of January, 1870.

Besides, the question for our solution is not whether the plaintiffs'

rights are to be governed by the judgment which they obtained against their tutrix, for the defendant was no party to that suit, but whether the evidence of the minors' mortgage was recorded in the manner and in the time and form required by law. Textually, it was not.

Was the acknowledgment of the tutrix, as we have quoted it, a sufficient compliance with the law?

The act No. 95 of 1869 provides that in order to preserve the mortgages or privileges accorded by law in favor of married women for the preservation of their dotal, paraphernal, or other rights against their husbands, it shall be the duty of every married woman, or any person for her, to cause to be recorded in the mortgage-book of the parish or parishes in which their husbands may own mortgageable property, the evidence of their mortgage or privilege. The same act (section eleven) declares that it shall be the duty of the clerks of the district courts of the several parishes in the State to make out an abstract of the inventory of the property of all minors whose tutors have not been required by law to give bond for their tutorship, such abstract to describe the real property, and give the full amount of the appraisement of all the property, both real and personal, and rights, and credits, and to deposit such abstracts with the recorders of the several parishes, whose duty it shall be to record the same as soon as received in the mortgage-book of their parish; such abstracts to be made out and deposited with the recorders by the first day of December, 1869, and recorded by the first day of January, 1870. Any failure of the clerks or recorders to perform the service required of them by the act subjects them to any damages that such failure may cause any person, besides making them liable to a fine.

Thus the evidence of the rights of married women might be furnished by any one, and the recording of this evidence was all that was necessary to secure their right of mortgage, while as regards tutors and the minors' mortgage which resulted from their trust, the evidence thereof was to be certain specified documents to be furnished by the clerk of the court.

In the case of Boudreau vs. Boudreau, 23 An. 57, where, in order to preserve the legal mortgage accorded him by law, the plaintiff caused to be recorded in the mortgage-book kept in the office of the recorder of the parish of Lafourche an instrument sworn to by him, in which it is stated that his father received, as his tutor, $594, to which plaintiff was entitled, we said that the judgment, so far as it accorded to the plaintiff a legal mortgage on the property of his tutor, was rendered upon insufficient evidence.

The only difference between the two cases is that in Boudreau's case it was the erstwhile minor who made the statement which was recorded against his former tutor, while in this case it is the tutrix who makes the statement against herself and thus affecting her own property.

Hickman vs. Thompson.

We are of opinion that the requirements of the law have not been complied with, and that the declaration of the tutrix of her indebtedness to her children and the recording of the same is not the evidence which the law required in order to secure the mortgage which the minors had upon her property and which the constitution declared should cease to exist at a certain date, unless made to appear in a manner which the Legislature was authorized to designate. Nor, in our opinion, does the fact that the evidence which alone preserved the mortgage was destroyed better the plaintiffs' case. At most, it is a *casus omissus* which we can not supply, and if the missing evidence could be supplied this should have been done by the officer whose duty it was to cause the evidence to be recorded.

Having come to the conclusion that the minors' mortgage, if it ever existed, was not made to appear upon the public records in the manner and form required by law, it is not necessary for us to pass upon the other objections to the proceedings interposed by the defendant as reasons why the plaintiffs' suit should fail.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of the defendant with costs in both courts.

Rehearing refused.